Matter of 49 Bleecker, Inc. v Gathien (2018 NY Slip Op 00476)





Matter of 49 Bleecker, Inc. v Gathien


2018 NY Slip Op 00476


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5518 570312/14 64244/13

[*1]In re 49 Bleecker, Inc., Petitioner-Respondent,
v
Jen Gathien, et al., Respondents-Appellants.


Ween & Kozek, PLLC, New York (Michael P. Kozek of counsel), for appellants.
Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for respondent.



Order, Appellate Term of the Supreme Court, First Department, entered June 13, 2016, which affirmed two orders, Civil Court, New York County (Brenda S. Spears, J.), entered March 14, 2014, denying respondents' motion for summary judgment dismissing the nonpayment proceeding, and granting petitioner's motion for leave to conduct discovery, unanimously reversed, on the law without costs, respondents' motion granted, and petitioner's motion denied as moot. The Clerk is directed to enter judgment accordingly.
Petitioner was the net lessee of the third floor of a six-story building, a de facto multiple dwelling; the net lease provided, inter alia, that there was no permanent certificate of occupancy for either the building or the demised premises. In April 2013, petitioner brought this proceeding alleging that respondents, its subtenants, had failed to pay residential use and occupancy since January 2013. Affording the relevant statutory language its natural and ordinary meaning (see generally Matter of Smith v Donovan, 61 AD3d 505, 508 [1st Dept 2009], lv denied 13 NY3d 712 [2009]), we conclude that the proceeding must be dismissed because petitioner was not entitled to collect rent from respondents.
For purposes of the Multiple Dwelling Law, an "owner" is broadly defined to include a "lessee" (Multiple Dwelling law § 4[44]). Respondents' unit constituted a "dwelling" under the Multiple Dwelling Law ["any building or structure or portion thereof which is occupied in whole or in part as the home, residence or sleeping place of one or more human beings" (Multiple Dwelling Law 4[4]). The owner of a "dwelling or structure ... occupied in whole or in part for human habitation in violation of [§ 301]" may not recover rent for the period during which there is no certificate of occupancy for "such premises" (Multiple Dwelling Law § 302[1][b]). Nor may the owner maintain an action or special proceeding for possession of the premises for nonpayment of "such rent" (id.). Thus, petitioner, as owner of respondents' dwelling, was precluded from charging respondents rent or other
remuneration while the building lacked a certificate of occupancy for residential use (see generally Caldwell v American Package Co., Inc., 57 AD3d 15 [2d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK